1

2

3

4

5

6

7

8

9

10

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 11  MERITT WEBB, | CASE NO.   1:11-cv-842-AWI-MJS (PC) |
| 12          Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING CASE BE DISMISSED |
| 13      v. | FOR FAILURE TO STATE A CLAIM |
| 14  FERNANDO GONZALES, et al., | (ECF No. 10) |
| 15          Defendants. | OBJECTIONS DUE WITHIN THIRTY DAYS |
| 16 | |
| 17  _____ / | |

18

19

20      Plaintiff Meritt Webb ("Plaintiff") is a state prisoner proceeding pro se and in forma

21  pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

22      Plaintiff initiated this action on May 24, 2011.  (Compl., ECF No. 1.)  The Court

23  screened Plaintiff's initial Complaint, dismissed it for failure to state a claim, and gave

24  Plaintiff leave to amend.  (ECF No. 9.)  Plaintiff filed a First Amended Complaint on March

25  30, 2012, and it is now before the Court for screening.  (Am. Compl., ECF No. 10.)

        The Court finds that Plaintiff's First Amended Complaint fails to state a claim.

26

**I.      SCREENING REQUIREMENT**

27

        The Court is required to screen complaints brought by prisoners seeking relief

28

-1-

1  against a governmental entity or officer or employee of a governmental entity. 28 U.S.C.

2  § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has

3  raised claims that are legally "frivolous or malicious," that fail to state a claim upon which

4  relief may be granted, or that seek monetary relief from a defendant who is immune from

5  such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion

6  thereof, that may have been paid, the court shall dismiss the case at any time if the court

7  determines that . . . the action or appeal . . . fails to state a claim upon which relief may be

8  granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

9       A complaint must contain "a short and plain statement of the claim showing that the

10 pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are

11 not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by

12 mere conclusory statements, do not suffice." Ashcroft v. Iqbal, ___ U.S. ___, ___, 129 S.

13 Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

14 Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is

15 plausible on its face.'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 555).

16 Facial plausibility demands more than the mere possibility that a defendant committed

17 misconduct and, while factual allegations are accepted as true, legal conclusions are not.

18 Id. at 1949-50.

19 **II.    SUMMARY OF PLAINTIFF'S COMPLAINT**

20      Plaintiff is a state prisoner currently confined at Calipatria State Prison. Plaintiff was

21 previously confined at California Correctional Institution at Tehachapi, California ("CCI").

22 He brings this action alleging violations of his rights under the First and Fourteenth

23 Amendments. Plaintiff names the following individuals as defendants: 1) Fernando

24 Gonzales, CCI Warden, 2) D. Zanchi, facility captain, 2) M. Bryant, facility captain, 3) Jerry

25 Negrete, associate warden, 4) M. Hetzel, 5) M. Nipper, correctional counselor, 6) E. Stelter,

26 correctional counselor, 7) C. Deleon, correctional officer, and 8) A. Solis, correctional

27 officer. All of the Defendants are named in their individual and official capacities.

28      Plaintiff asks for nominal and punitive damages in amounts to be determined by the

1 | jury.

2 |      Plaintiff's allegations are rambling and unclear.   The Court, after some effort,
3 | concludes they attempt to assert the following:

4 |      Defendants Deleon, Soliz, and Zanchi retaliated against Plaintiff for exercising his
5 | First Amendment right to participate in the Men's Advisory Council ("MAC").  (Am. Compl.
6 | at 12.)  At a MAC meeting in June 2009, Plaintiff spoke with prison administrators on behalf
7 | of general population inmates and Defendant Zanchi told Plaintiff "We will see what all this
8 | complaining will get you."  (Id. at 8-9.)  After the meeting, there was an incident between
9 | Plaintiff's cell-mate and prison officials, and Defendant Zanchi claimed Plaintiff had incited
10 | his cell-mate to assault staff without any evidence of this.  (Id. at 8.)  As a result of the
11 | incident, Defendants retaliated against Plaintiff by placing him in Administrative
12 | Segregation ("Ad-Seg").  (Id.)  Plaintiff believes the "the timing of the events that were used
13 | as a pretext to place [him] in Ad-Seg and the fact that another person's action's. . . were
14 | used to place [him] in Ad-Seg. . . are telling."  (Id.)  The retaliation was motivated by
15 | Plaintiff's letter to Chief Deputy Warden Holland informing him that Defendant Zanchi had
16 | been lying to the MAC.  (Id. at 9-10.)

17 |      Defendant Hetzel violated Plaintiff's rights by refusing to conduct an investigation
18 | into the incident.  (Am. Compl. at 5.)  Defendant Hetzel did this in retaliation for Plaintiff
19 | telling her he would file a grievance for the difficulties he encountered in learning her name.
20 | (Id.)  Due to her actions, Plaintiff was placed in Ad-Seg for five months, subjecting him to
21 | an atypical hardship.  (Id.)

22 |      Defendants Stelter, Bryant, and Nipper violated Plaintiff's rights by failing to have
23 | Plaintiff receive sufficient process after he was placed in Ad-Seg.  (Am. Compl. at 4, 11,
24 | 12).  Defendants allowed Plaintiff to be placed in Ad-Seg from approximately July 9, 2009
25 | to January 12, 2010, causing him to suffer from a "significant and atypical hardship".  (Id. at
26 | 4.)

27 |      Defendant Gonzales violated Plaintiff's rights because he refused to interfere when
28 | Plaintiff was detained in Ad-Seg past the sixty day retention period without process in

1 retaliation for engaging in protected conduct.  (Am. Compl. at 5-6.)  Defendant Gonzales

2 was notified about this by an October 8, 2009 letter.  (Id.)  Defendant Negrete, the

3 associate warden, violated Plaintiff's due process rights by not having Plaintiff released

4 from Ad-Seg, even though he was aware that nothing was discovered during the

5 investigation into Plaintiff's wrongdoing.  (Id. at 11.)

6 **III.    ANALYSIS**

7       **A.    1983 Claims**

8       Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges,

9 or immunities secured by the Constitution and laws' of the United States."  Wilder v.

10 Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983).  Section 1983

11 is not itself a source of substantive rights, but merely provides a method for vindicating

12 federal rights conferred elsewhere.  Graham v. Connor, 490 U.S. 386, 393-94 (1989).

13       To state a claim under Section 1983, a plaintiff must allege two essential elements:

14 (1) that a right secured by the Constitution or laws of the United States was violated, and

15 (2) that the alleged violation was committed by a person acting under the color of state law.

16 See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243,

17 1245 (9th Cir. 1987).

18       **B.    First Amendment - Retaliation**

19       Plaintiff alleges that Defendants Deleon, Zanchi, Solis, and Hetzel violated his First

20 Amendment rights by placing him in Ad-Seg either as a result of his MAC activities or

21 because he threatened to file a grievance against them.

22       "Within the prison context, a viable claim of First Amendment retaliation entails five

23 basic elements: (1) An assertion that a state actor took some adverse action against an

24 inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled

25 the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably

26 advance a legitimate correctional goal."  Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th

27 Cir. 2005).

28       Plaintiff described the adverse action as these Defendants placing him in Ad-Seg.

1 This act constitutes an adverse action and Plaintiff has satisfied this prong.

2        The second element of a prisoner retaliation claim focuses on causation and motive.

3 See Brodheim v. Cry, 584 F.3d 1262, 1271 (9th Cir. 2009).  A plaintiff must show that his

4 protected conduct was a "'substantial' or 'motivating' factor behind the defendant's

5 conduct."  Id. (quoting Sorrano's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir.

6 1989).  Although it can be difficult to establish the motive or intent of the defendant, a

7 plaintiff may rely on circumstantial evidence.  Bruce v. Ylst, 351 F.3d 1283, 1289 (9th Cir.

8 2003) (finding that a prisoner established a triable issue of fact regarding prison officials'

9 retaliatory motives by raising issues of suspect timing, evidence, and statements); Hines

10 v. Gomez, 108 F.3d 265, 267-68 (9th Cir. 1997); Pratt v. Rowland, 65 F.3d 802, 808 (9th

11 Cir. 1995) ("timing can properly be considered as circumstantial evidence of retaliatory

12 intent").  Plaintiff relies on circumstantial evidence to plead that Defendants took adverse

13 actions as a result of his pursuing a protected conduct.  Plaintiff alleges that Defendants

14 Deleon, Solis, and Zanchi threatened him with Ad-Seg placement for his MAC activities.

15 He also alleges that Defendant Hetzel retaliated against him by placing him in Ad-Seg

16 because Plaintiff threatened to file a grievance against her when she partially obscured her

17 name tag.  Plaintiff has not satisfied this prong because Plaintiff has not adequately linked

18 Defendants' actions to his alleged protected conduct.  His allegation that these Defendants

19 placed him in Ad-Seg because of his MAC activities is not enough because of the

20 intervening incident of his cell-mate allegedly attacking prison officials.  As Plaintiff was told

21 in the original screening order, he needs to explain why this intervening incident was not

22 the basis for his Ad-Seg placement and how this placement was directly linked to his MAC

23 activities.  Plaintiff has failed to do this, and has failed to satisfy this prong.

24        Filing a grievance is protected action under the First Amendment.  Valandingham

25 v. Bojorquez, 866 F.2d 1135, 1138 (9th Cir. 1989).  Pursuing a civil rights legal action is

26 also protected under the First Amendment.  Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir.

27 1985).  Plaintiff has not alleged that he was engaged in conduct that was protected under

28 the First Amendment.   Again, Plaintiff does not explain why his MAC activities or

-5-

1  threatening to file a grievance should be considered to be protected conduct under the

2  First Amendment, as he was told to in the Court's original Screening Order.  Plaintiff has

3  again failed to satisfy this prong.

4      With respect to the fourth prong, "[it] would be unjust to allow a defendant to escape

5  liability for a First Amendment violation merely because an unusually determined plaintiff

6  persists in his protected activity...." Mendocino Envtl. Ctr. v. Mendocino County, 192 F.3d

7  1283, 1300 (9th Cir. 1999).  The correct inquiry is to determine whether an official's acts

8  would chill or silence a person of ordinary firmness from future First Amendment activities.

9  Rhodes, 408 F.3d at 568-69 (citing Mendocino Envtl. Ctr., 192 F.3d at 1300).  Plaintiff has

10  satisfied the fourth prong because the actions he has alleged would chill a person of

11  ordinary firmness from future First Amendment activities.

12      With respect to the fifth prong, a prisoner must affirmatively allege that "'the prison

13  authorities' retaliatory action did not advance legitimate goals of the correctional institution

14  or was not tailored narrowly enough to achieve such goals." Rizzo, 778 F.2d at 532.

15  Though this is not a high burden, see id. (prisoner's allegations that search was arbitrary

16  and capricious sufficient to satisfy this inquiry), Plaintiff has again not alleged facts to show

17  that Defendants' behavior was so arbitrary and capricious that there was no legitimate

18  penological motivation for their actions.  Plaintiff has attached responses to his grievances

19  that indicate that Defendants had a legitimate penological goal in placing him in Ad-Seg.

20  The responses suggest that Plaintiff incited his cell-mate to attack prison staff.  In his

21  amended complaint, Plaintiff was to explain why this is false, but has failed to do so.

22  Plaintiff has failed to satisfy the fifth prong of a retaliation claim.

23      Because Plaintiff has again failed to allege sufficient facts to satisfy all five prongs

24  of his retaliation claim, the Court finds that he has failed to state a claim upon which relief

25  could be granted.  Plaintiff will not be given further leave to amend this claim and allege

26  facts that could establish the five prongs.

27      **C.      Fourteenth Amendment - Due Process**

28      Plaintiff alleges that his due process rights under the Fourteenth Amendment were

1  violated by Defendants Bryant, Hetzel, Nipper, and Stelter because these Defendants were

2  responsible for placing Plaintiff in Ad-Seg without sufficient process.

3       When a prisoner is placed in Ad-Seg, prison officials must, within a reasonable time,

4  conduct an informal, non-adversary review of the evidence justifying the decision to

5  segregate the prisoner.  Hewitt v. Helms, 459 U.S. 460, 476 (1983), abrogated in part on

6  other grounds, Sandin v. Conner, 515 U.S. 472 (1995). Before review, the prisoner must

7  receive some notice of the charges and be given an opportunity to respond.  See Hewitt,

8  459 U.S. at 476; Mendoza v. Blodgett, 960 F.2d 1425, 1430 (9th Cir. 1992), abrogated in

9  part on other grounds, Sandin, 515 U.S. 472; Toussaint v. McCarthy, 801 F.2d 1080, 1100

10 (9th Cir. 1986), abrogated in part on other grounds, Sandin, 515 U.S. 472.  The prisoner

11 is not entitled to "detailed written notice of charges, representation of counsel or

12 counsel-substitute, an opportunity to present witnesses, or a written decision describing

13 the reasons for placing the prisoner in administrative segregation."  Toussaint, 801 F.2d

14 at 1100–01 (citations omitted).

15      Plaintiff fails to state a claim for violation of due process.  Plaintiff was placed in Ad-

16 Seg on the charge of inciting his cellmate to attack prison staff members.  As the Court

17 previously told Plaintiff, based on the submitted exhibits, Plaintiff was provided with notice

18 as to why he was being placed in Ad-Seg.  There was thus no violation of due process.

19      **C.      Linkage Requirement**

20      As currently plead, Defendants Gonzales and Negrete's conduct does not appear

21 to be unconstitutional.  Plaintiff alleges Defendant Gonzales is liable because he sent

22 Defendant Gonzales a letter regarding his Ad-Seg placement and Defendant Negrete is

23 liable because Defendant Negrete told Defendant Nipper that Plaintiff would not be

24 released from Ad-Seg despite the lack of evidence discovered during the investigation into

25 the underlying incident.

26      However, under Section 1983, Plaintiff must demonstrate that each named

27 Defendant personally participated in the deprivation of his rights.  Jones v. Williams, 297

28 F.3d 930, 934 (9th Cir. 2002).  The Supreme Court has emphasized that the term

1  "supervisory liability," loosely and commonly used by both courts and litigants alike, is a

2  misnomer. Iqbal, 129 S. Ct. at 1949.  "Government officials may not be held liable for the

3  unconstitutional conduct of their subordinates under a theory of respondeat superior."  Id.

4  at 1948.  Rather, each government official, regardless of his or her title, is only liable for

5  his or her own misconduct, and therefore, Plaintiff must demonstrate that each defendant,

6  through his or her own individual actions, violated Plaintiff's constitutional rights.  Id. at

7  1948–49.

8       Plaintiff has not alleged facts demonstrating that either of these Defendants

9  personally acted to violate his rights.  Plaintiff only alleged that he sent Defendant

10 Gonzales a letter regarding his Ad-Seg placement, but does not provide any additional

11 information regarding whether Defendant Gonzales received and read the letter.  Plaintiff

12 relies on a statement to another defendant to link Defendant Negrete to the alleged

13 violations.  Neither of these allegations are sufficient to link these Defendants to a violation

14 of Plaintiff's constitutional rights.

15 **IV.    CONCLUSION AND RECOMMENDATION**

16      The Court finds that Plaintiff's First Amended Complaint fails to state any Section

17 1983 claims upon which relief may be granted against the named Defendants.  Under Rule

18 15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely given when

19 justice so requires."  In addition, "[l]eave to amend should be granted if it appears at all

20 possible that the plaintiff can correct the defect."  Lopez v. Smith, 203 F.3d 1122, 1130 (9th

21 Cir. 2000) (internal citations omitted).  However, in this action, Plaintiff has filed two

22 complaints and received substantial guidance from the Court in its Screening Order.  (ECF

23 Nos. 1, 9, & 10.)  Even after receiving the Court's guidance, Plaintiff failed to make

24 sufficient alterations or to include additional facts to address the noted deficiencies.

25 Because of this, the Court finds that the deficiencies outlined above are not capable of

26 being cured by amendment, and therefore recommends that further leave to amend not

27 be granted.  28 U.S.C. § 1915(e)(2)(B)(ii); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir.

28 1987).

1    Accordingly, based on the foregoing, the Court HEREBY RECOMMENDS that this

2  action be DISMISSED in its entirety, WITH PREJUDICE, for failure to state a claim upon

3  which relief may be granted.

4    These Findings and Recommendation will be submitted to the United State District

5  Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(I).

6  Within thirty (30) days after being served with these Findings and Recommendation,

7  Plaintiff may file written objections with the Court.  The document should be captioned

8  "Objections to Magistrate Judge's Findings and Recommendation."  Plaintiff is advised that

9  failure to file objections within the specified time may waive the right to appeal the District

10  Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

11

12  IT IS SO ORDERED.

13  Dated:    May 30, 2012         /s/ *Michael J. Seng*
                                   UNITED STATES MAGISTRATE JUDGE
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28