# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MERITT WEBB, | CASE NO. 1:11-cv-842-AWI-MJS (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING CASE BE DISMISSED FOR FAILURE TO STATE A CLAIM |
| v. | |
| FERNANDO GONZALES, et al., | (ECF No. 10) |
| Defendants. | OBJECTIONS DUE WITHIN THIRTY DAYS |

Plaintiff Meritt Webb ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff initiated this action on May 24, 2011. (Compl., ECF No. 1.) The Court screened Plaintiff's initial Complaint, dismissed it for failure to state a claim, and gave Plaintiff leave to amend. (ECF No. 9.) Plaintiff filed a First Amended Complaint on March 30, 2012, and it is now before the Court for screening. (Am. Compl., ECF No. 10.)

The Court finds that Plaintiff's First Amended Complaint fails to state a claim.

**I.** **SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief

-1-

against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, ___ U.S. ___, ___, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 555). Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 1949-50.

**II.    SUMMARY OF PLAINTIFF'S COMPLAINT**

Plaintiff is a state prisoner currently confined at Calipatria State Prison. Plaintiff was previously confined at California Correctional Institution at Tehachapi, California ("CCI"). He brings this action alleging violations of his rights under the First and Fourteenth Amendments. Plaintiff names the following individuals as defendants: 1) Fernando Gonzales, CCI Warden, 2) D. Zanchi, facility captain, 2) M. Bryant, facility captain, 3) Jerry Negrete, associate warden, 4) M. Hetzel, 5) M. Nipper, correctional counselor, 6) E. Stelter, correctional counselor, 7) C. Deleon, correctional officer, and 8) A. Solis, correctional officer. All of the Defendants are named in their individual and official capacities.

Plaintiff asks for nominal and punitive damages in amounts to be determined by the

jury.

Plaintiff's allegations are rambling and unclear.  The Court, after some effort, concludes they attempt to assert the following:

Defendants Deleon, Soliz, and Zanchi retaliated against Plaintiff for exercising his First Amendment right to participate in the Men's Advisory Council ("MAC").  (Am. Compl. at 12.) At a MAC meeting in June 2009, Plaintiff spoke with prison administrators on behalf of general population inmates and Defendant Zanchi told Plaintiff "We will see what all this complaining will get you."  (Id. at 8-9.)  After the meeting, there was an incident between Plaintiff's cell-mate and prison officials, and Defendant Zanchi claimed Plaintiff had incited his cell-mate to assault staff without any evidence of this.  (Id. at 8.)  As a result of the incident, Defendants retaliated against Plaintiff by placing him in Administrative Segregation ("Ad-Seg").  (Id.)  Plaintiff believes the "the timing of the events that were used as a pretext to place [him] in Ad-Seg and the fact that another person's action's. . . were used to place [him] in Ad-Seg. . . are telling."  (Id.)  The retaliation was motivated by Plaintiff's letter to Chief Deputy Warden Holland informing him that Defendant Zanchi had been lying to the MAC.  (Id. at 9-10.)

Defendant Hetzel violated Plaintiff's rights by refusing to conduct an investigation into the incident.  (Am. Compl. at 5.)  Defendant Hetzel did this in retaliation for Plaintiff telling her he would file a grievance for the difficulties he encountered in learning her name.  (Id.)  Due to her actions, Plaintiff was placed in Ad-Seg for five months, subjecting him to an atypical hardship.  (Id.)

Defendants Stelter, Bryant, and Nipper violated Plaintiff's rights by failing to have Plaintiff receive sufficient process after he was placed in Ad-Seg.  (Am. Compl. at 4, 11, 12). Defendants allowed Plaintiff to be placed in Ad-Seg from approximately July 9, 2009 to January 12, 2010, causing him to suffer from a "significant and atypical hardship".  (Id. at 4.)

Defendant Gonzales violated Plaintiff's rights because he refused to interfere when Plaintiff was detained in Ad-Seg past the sixty day retention period without process in

retaliation for engaging in protected conduct. (Am. Compl. at 5-6.) Defendant Gonzales was notified about this by an October 8, 2009 letter. (Id.) Defendant Negrete, the associate warden, violated Plaintiff's due process rights by not having Plaintiff released from Ad-Seg, even though he was aware that nothing was discovered during the investigation into Plaintiff's wrongdoing. (Id. at 11.)

## III.    ANALYSIS

### A.    1983 Claims

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

### B.    First Amendment - Retaliation

Plaintiff alleges that Defendants Deleon, Zanchi, Solis, and Hetzel violated his First Amendment rights by placing him in Ad-Seg either as a result of his MAC activities or because he threatened to file a grievance against them.

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

Plaintiff described the adverse action as these Defendants placing him in Ad-Seg.

This act constitutes an adverse action and Plaintiff has satisfied this prong.

The second element of a prisoner retaliation claim focuses on causation and motive. See Brodheim v. Cry, 584 F.3d 1262, 1271 (9th Cir. 2009). A plaintiff must show that his protected conduct was a "'substantial' or 'motivating' factor behind the defendant's conduct." Id. (quoting Sorrano's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989). Although it can be difficult to establish the motive or intent of the defendant, a plaintiff may rely on circumstantial evidence. Bruce v. Ylst, 351 F.3d 1283, 1289 (9th Cir. 2003) (finding that a prisoner established a triable issue of fact regarding prison officials' retaliatory motives by raising issues of suspect timing, evidence, and statements); Hines v. Gomez, 108 F.3d 265, 267-68 (9th Cir. 1997); Pratt v. Rowland, 65 F.3d 802, 808 (9th Cir. 1995) ("timing can properly be considered as circumstantial evidence of retaliatory intent"). Plaintiff relies on circumstantial evidence to plead that Defendants took adverse actions as a result of his pursuing a protected conduct. Plaintiff alleges that Defendants Deleon, Solis, and Zanchi threatened him with Ad-Seg placement for his MAC activities. He also alleges that Defendant Hetzel retaliated against him by placing him in Ad-Seg because Plaintiff threatened to file a grievance against her when she partially obscured her name tag. Plaintiff has not satisfied this prong because Plaintiff has not adequately linked Defendants' actions to his alleged protected conduct. His allegation that these Defendants placed him in Ad-Seg because of his MAC activities is not enough because of the intervening incident of his cell-mate allegedly attacking prison officials. As Plaintiff was told in the original screening order, he needs to explain why this intervening incident was not the basis for his Ad-Seg placement and how this placement was directly linked to his MAC activities. Plaintiff has failed to do this, and has failed to satisfy this prong.

Filing a grievance is protected action under the First Amendment. Valandingham v. Bojorquez, 866 F.2d 1135, 1138 (9th Cir. 1989). Pursuing a civil rights legal action is also protected under the First Amendment. Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985). Plaintiff has not alleged that he was engaged in conduct that was protected under the First Amendment. Again, Plaintiff does not explain why his MAC activities or

threatening to file a grievance should be considered to be protected conduct under the First Amendment, as he was told to in the Court's original Screening Order. Plaintiff has again failed to satisfy this prong.

With respect to the fourth prong, "[it] would be unjust to allow a defendant to escape liability for a First Amendment violation merely because an unusually determined plaintiff persists in his protected activity...." Mendocino Envtl. Ctr. v. Mendocino County, 192 F.3d 1283, 1300 (9th Cir. 1999). The correct inquiry is to determine whether an official's acts would chill or silence a person of ordinary firmness from future First Amendment activities. Rhodes, 408 F.3d at 568-69 (citing Mendocino Envtl. Ctr., 192 F.3d at 1300). Plaintiff has satisfied the fourth prong because the actions he has alleged would chill a person of ordinary firmness from future First Amendment activities.

With respect to the fifth prong, a prisoner must affirmatively allege that "'the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution or was not tailored narrowly enough to achieve such goals." Rizzo, 778 F.2d at 532. Though this is not a high burden, see id. (prisoner's allegations that search was arbitrary and capricious sufficient to satisfy this inquiry), Plaintiff has again not alleged facts to show that Defendants' behavior was so arbitrary and capricious that there was no legitimate penological motivation for their actions. Plaintiff has attached responses to his grievances that indicate that Defendants had a legitimate penological goal in placing him in Ad-Seg. The responses suggest that Plaintiff incited his cell-mate to attack prison staff. In his amended complaint, Plaintiff was to explain why this is false, but has failed to do so. Plaintiff has failed to satisfy the fifth prong of a retaliation claim.

Because Plaintiff has again failed to allege sufficient facts to satisfy all five prongs of his retaliation claim, the Court finds that he has failed to state a claim upon which relief could be granted. Plaintiff will not be given further leave to amend this claim and allege facts that could establish the five prongs.

**C.    Fourteenth Amendment - Due Process**

Plaintiff alleges that his due process rights under the Fourteenth Amendment were

violated by Defendants Bryant, Hetzel, Nipper, and Stelter because these Defendants were responsible for placing Plaintiff in Ad-Seg without sufficient process.

When a prisoner is placed in Ad-Seg, prison officials must, within a reasonable time, conduct an informal, non-adversary review of the evidence justifying the decision to segregate the prisoner. Hewitt v. Helms, 459 U.S. 460, 476 (1983), abrogated in part on other grounds, Sandin v. Conner, 515 U.S. 472 (1995). Before review, the prisoner must receive some notice of the charges and be given an opportunity to respond. See Hewitt, 459 U.S. at 476; Mendoza v. Blodgett, 960 F.2d 1425, 1430 (9th Cir. 1992), abrogated in part on other grounds, Sandin, 515 U.S. 472; Toussaint v. McCarthy, 801 F.2d 1080, 1100 (9th Cir. 1986), abrogated in part on other grounds, Sandin, 515 U.S. 472. The prisoner is not entitled to "detailed written notice of charges, representation of counsel or counsel-substitute, an opportunity to present witnesses, or a written decision describing the reasons for placing the prisoner in administrative segregation." Toussaint, 801 F.2d at 1100–01 (citations omitted).

Plaintiff fails to state a claim for violation of due process. Plaintiff was placed in Ad-Seg on the charge of inciting his cellmate to attack prison staff members. As the Court previously told Plaintiff, based on the submitted exhibits, Plaintiff was provided with notice as to why he was being placed in Ad-Seg. There was thus no violation of due process.

**C.     Linkage Requirement**

As currently plead, Defendants Gonzales and Negrete's conduct does not appear to be unconstitutional. Plaintiff alleges Defendant Gonzales is liable because he sent Defendant Gonzales a letter regarding his Ad-Seg placement and Defendant Negrete is liable because Defendant Negrete told Defendant Nipper that Plaintiff would not be released from Ad-Seg despite the lack of evidence discovered during the investigation into the underlying incident.

However, under Section 1983, Plaintiff must demonstrate that each named Defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). The Supreme Court has emphasized that the term

"supervisory liability," loosely and commonly used by both courts and litigants alike, is a misnomer. Iqbal, 129 S. Ct. at 1949. "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." Id. at 1948. Rather, each government official, regardless of his or her title, is only liable for his or her own misconduct, and therefore, Plaintiff must demonstrate that each defendant, through his or her own individual actions, violated Plaintiff's constitutional rights. Id. at 1948–49.

Plaintiff has not alleged facts demonstrating that either of these Defendants personally acted to violate his rights. Plaintiff only alleged that he sent Defendant Gonzales a letter regarding his Ad-Seg placement, but does not provide any additional information regarding whether Defendant Gonzales received and read the letter. Plaintiff relies on a statement to another defendant to link Defendant Negrete to the alleged violations. Neither of these allegations are sufficient to link these Defendants to a violation of Plaintiff's constitutional rights.

## IV.   CONCLUSION AND RECOMMENDATION

The Court finds that Plaintiff's First Amended Complaint fails to state any Section 1983 claims upon which relief may be granted against the named Defendants. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely given when justice so requires." In addition, "[l]eave to amend should be granted if it appears at all possible that the plaintiff can correct the defect." Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (internal citations omitted). However, in this action, Plaintiff has filed two complaints and received substantial guidance from the Court in its Screening Order. (ECF Nos. 1, 9, & 10.) Even after receiving the Court's guidance, Plaintiff failed to make sufficient alterations or to include additional facts to address the noted deficiencies. Because of this, the Court finds that the deficiencies outlined above are not capable of being cured by amendment, and therefore recommends that further leave to amend not be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

1    Accordingly, based on the foregoing, the Court HEREBY RECOMMENDS that this
2 action be DISMISSED in its entirety, WITH PREJUDICE, for failure to state a claim upon
3 which relief may be granted.
4    These Findings and Recommendation will be submitted to the United State District
5 Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).
6 Within thirty (30) days after being served with these Findings and Recommendation,
7 Plaintiff may file written objections with the Court.  The document should be captioned
8 "Objections to Magistrate Judge's Findings and Recommendation."  Plaintiff is advised that
9 failure to file objections within the specified time may waive the right to appeal the District
10 Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

12 IT IS SO ORDERED.
13 Dated:    May 30, 2012                         /s/ *Michael J. Seng*
                                                 UNITED STATES MAGISTRATE JUDGE